IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL T. KALI, | Case No. 6:20-cv-01204-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CENTRAL INTELLIGENCE AGENCY, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff Michael T. Kali filed this action *pro se* against the Central Intelligence Agency ("CIA"). Plaintiff alleges that CIA agents have been harassing him with investigations since 2006 and, in doing so, have interfered with his employment as a Structural Engineer. He asserts claims against the CIA for (1) "violation of civil rights and unlawful retaliation"; (2) negligent infliction of emotional distress; (3) negligence and negligent supervision; (4) "outrage"; (5) tortious interference; and (6) civil conspiracy. Attachment to Compl. at 3–5 (doc. 1 ex. 1). Now before the Court is plaintiff's Motion for Preliminary Injunction (doc. 4). Plaintiff's Motion is DENIED without prejudice due to several deficiencies.

Page 1 – OPINION AND ORDER

First, plaintiff's motion does not appear to ask for an injunction. A preliminary injunction is a court order, aimed a party that seeks to preserve the status quo and prevent irreparable loss of rights before a ruling on the merits. *Sierra On Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *see also* 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3922 (3d ed. 2012) (an injunction is a court order "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion" (internal quotation marks omitted)). Plaintiff's motion does not appear to ask the Court to order the CIA to do (or not do) anything. Instead, under the "Relief" portion of the Motion, which instructs *pro se* plaintiffs to "[s]tate briefly and precisely what damages or other relief the plaintiff ask the court to order[,]" plaintiff lists only money damages that he believes he is entitled to. Doc. 4 at 5.

Second, because plaintiff seeks only money damages, in both his motion and Complaint, the motion fails to show that he is entitled to the "extraordinary remedy" provided by a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court explained that a plaintiff seeking a preliminary injunction generally must show (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and

(4) that an injunction is in the public interest. *Id.* at 20.[1] Because plaintiff seeks only money damages from the CIA, he has failed to demonstrate even a threshold showing of irreparable harm. Legal remedies must be plainly inadequate and money damages are not an irreparable harm that would require the extraordinary equitable remedy of a preliminary injunction. *See Los Angeles Mem'l Coliseum Comm'n v. Nat. Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

For these reasons, the court DENIES plaintiff's Motion for Preliminary Injunction (doc. 4) without prejudice. Plaintiff may seek to remedy the deficiencies outlined above and file a renewed motion for preliminary injunction, if he still wants to seek preliminary injunctive relief from this Court. Plaintiff is encouraged to review Federal Rule of Civil Procedure 65, which governs injunctions and restraining orders, before filing his renewed motion. Plaintiff is also advised that the District of Oregon's website has a Handbook for Self-Represented Parties available. U.S. DISTRICT COURT: DISTRICT OF OREGON, REPRESENTING YOURSELF IN COURT (Mar. 31, 2020), https://ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself (last visited July 28, 2020).

IT IS SO ORDERED and DATED this 29th day of July 2020.

/s/ Ann Aiken
Ann Aiken
United States District Judge

---

[1] In the Ninth Circuit, a preliminary injunction may also be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). In either case, a plaintiff must establish a likelihood of irreparable injury.

Page 3 – OPINION AND ORDER